IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA<br>Plaintiff<br>vs<br>1) GILBERTO RODRIGUEZ<br>2) ANGEL MENDEZ<br>3) SUGEYL RODRIGUEZ<br>4) BARBARA RAMOS<br>5) YAMILET FAJARDO<br>6) MARYLIN PINEDA<br>7) MILDRED BAEZ<br>8) PEDRO PEREZ<br>9) CARMEN SEIN<br>10) RICHARD PIETRI<br>11) EUSEBIO MERCEDES<br>**12) GERALDO CASTRO**<br>**13) GILBERTO MODESTO**<br>14) ONNIS ACOSTA<br>15) MARILIZ SUAREZ<br>16) FRANCISCO FONTANEZ<br>17) SAMUEL ESCOBAR<br>18) MARTIN PERNAS<br>19) ANIBAL ROSSELLO<br>20) SONYA CASTELLANOS<br>21) MAXIMILIEN ESPINAL<br>22) MIGUEL DE AZA<br>23) HARRY REYES<br>24) LOUIS CRUZ<br>25) JULIO MARIN<br>26) GLORIA CASTRO<br>**27) CESAR BERROA**<br>**28) RAYSA PACHECO**<br>**29) JULIO CASTRO**<br>30) ELBA TORRES<br>**31) GLENDA DAVILA**<br>32) RAYMOND RODRIGUEZ<br>33) JOEL CASTILLO<br>34) YOLANDA RODRIGUEZ<br>Defendants | CRIMINAL 08-0242CCC |

## SEALED ORDER

Before the Court is a Motion for Reconsideration of our Sealed Ex-Parte Order (**docket entry 1067**) filed on April 18, 2011. The Court's Order addresses the claim of the former President of the Board of Medical Examiners (Board), Dr. Rafael Jiménez-

Méndez, upon being subpoenaed by the defense as a trial witness.  He has invoked the Fifth Amendment privilege in an ex-parte Sealed Motion requesting that he be excluded from testifying at the trial of this case since he will be asserting his Fifth Amendment right not to incriminate himself.  The protection he seeks under the Fifth Amendment Clause is from prosecution by the Commonwealth of Puerto Rico which he perceives as a real threat should he testify because offenses related to actions during his tenure at the Board are not barred by the statute of limitations under Puerto Rico law. See 33 L.P.R.A. §3412. In his motion, he has listed the several offenses for which he could be prosecuted by the Commonwealth of P.R. directly or indirectly flowing from his actions as Vice-President and President of the Board.

In discussing United States v. Balsys, 118 S.Ct. 2218 (1998), the Court made reference to Malloy v. Hogan, 378 U.S. 1 (1964), which applied the doctrine of Fourteenth Amendment Due Process incorporation to the Self-Incrimination Clause so as to bind the States as well as the national government to recognize the privilege, citing also Kastigar v. United States, 92 S.Ct. 1653, 1663 n. 42 (1972).  All of these cases discarded the rule that the Fifth Amendment privilege does not protect the witness in one jurisdiction to give testimony that could be used to convict him in another jurisdiction.  Once the privilege was found to be binding on the state as well as the federal jurisdiction, a prosecutor as stated in Balsys, at p. 2227, in one or the other jurisdiction had to offer, as an option to exchange the privilege against Self-Incrimination, an immunity as complete as the privilege's dual jurisdictional reach.  Therefore, "a federal court could not receive testimony compelled by a State in the absence of a statute effectively providing for federal immunity, and it did this by imposing an exclusionary rule prohibiting the national government from making any such use of compelled testimony and its fruits." Id.

The situation in this case, at this juncture, which is relevant to Jiménez-Méndez as a defense witness, is that the Self-Incrimination guarantee issue is not factually anchored on the prohibition that the State government has against the use of the witness' compelled testimony in federal court.  Mr. Jiménez-Méndez has not given any testimony in exchange of a use immunity granted by the federal prosecutor in this District.  The unique circumstances surrounding Mr. Jiménez-Méndez' history as a criminal defendant ended with

the government vacating his self-conviction pursuant to his Plea and Cooperation Agreement, given the absence of an element of the honest services mail fraud conviction offense. Since his conviction was set aside, his Plea and Cooperation Agreement on which it was based, is no longer in effect. The only source of immunity of those mentioned by the defendants in their motion which is relevant to the Self-Incrimination Clause inquiry is the agreement that defendant reached with the government dated June 30, 2010 (docket entry 1013-3) regarding the Pre-Trial Diversion Program. The relevant portion of that Agreement appears at page 2, item C, which provides: "Once satisfactorily the diversion program is satisfactorily completed, it is agreed that the United States will not present any federal accusation against you for any federal offense committed by any person in relation to the illegal practice of medicine by that person as a result of your assistance to such person in fraudulently passing a revalidation exam."

      The terms of this Agreement clearly state that Jiménez-Méndez is not subject to federal prosecution for any charges related to the fraudulent schemes linked to the false passing results of Board exams. However, this Agreement leaves the witness wide open to prosecution for similar offenses by Commonwealth authorities. Defendants have presented no documents or information that would defeat this conclusion. In its Order, the Court found that the witness had a legitimate fear of state prosecution stemming from his actions during his tenure at the Board since corruption offenses by public officials do not have statute of limitations under Puerto Rico law. We reaffirm that finding; the Request for Reconsideration (**docket entry 1067**) is DENIED.

      SO ORDERED.

      At San Juan, Puerto Rico, on April 18, 2011.


                                                          S/CARMEN CONSUELO CEREZO
                                                        United States District Judge