IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA<br>Plaintiff<br>vs<br>1) GILBERTO RODRIGUEZ<br>2) ANGEL MENDEZ<br>3) SUGEYL RODRIGUEZ<br>4) BARBARA RAMOS<br>5) YAMILET FAJARDO<br>6) MARYLIN PINEDA<br>7) MILDRED BAEZ<br>8) PEDRO PEREZ<br>9) CARMEN SEIN<br>10) RICHARD PIETRI<br>11) EUSEBIO MERCEDES<br>**12) GERALDO CASTRO**<br>**13) GILBERTO MODESTO**<br>14) ONNIS ACOSTA<br>15) MARILIZ SUAREZ<br>16) FRANCISCO FONTANEZ<br>17) SAMUEL ESCOBAR<br>18) MARTIN PERNAS<br>19) ANIBAL ROSSELLO<br>20) SONYA CASTELLANOS<br>21) MAXIMILIEN ESPINAL<br>22) MIGUEL DE AZA<br>23) HARRY REYES<br>24) LOUIS CRUZ<br>25) JULIO MARIN<br>26) GLORIA CASTRO<br>**27) CESAR BERROA**<br>**28) RAYSA PACHECO**<br>**29) JULIO CASTRO**<br>30) ELBA TORRES<br>**31) GLENDA DAVILA**<br>32) RAYMOND RODRIGUEZ<br>33) JOEL CASTILLO<br>34) YOLANDA RODRIGUEZ<br>Defendants | CRIMINAL 08-0242CCC |

**STATEMENT OF REASONS**
**ORDER DATED MAY 6, 2011 (DOCKET ENTRY 1119)**

On May 4, 2011, defendants César Berroa and Raysa Pacheco filed a Motion for Admission of Statements Under Fed.R.Evid. 804(b)(3) (docket entry 1108), joined by

defendants Gilberto Modesto and Gerardo Castro (docket entries 1109 and 1110), and opposed by the United States the date after (docket entry 1114). Movants classified and listed as "prior statements" of Dr. Rafael Jiménez-Méndez twenty-two questions posed to him during the out-of-the-presence-of-the-jury inquiry on his claim against self-incrimination. Immediately after listing the twenty-two questions to which Jiménez-Méndez raised his Fifth Amendment privilege, movants state the following: "[a]s to the above questions, the defense respectfully requests the admission of the following related inculpatory statement or statements against interest of the declarant, Rafael Jiménez-Méndez that are pertinent to the case, made in his MOI." Motion, at p. 4. The MOI statements of Jiménez-Méndez, Pablo Valentín and Gregorio Díaz-Colón offered as Rule 804(b)(3) statements are not direct quotes of these statements as they appear in the memoranda prepared by the interviewer. This makes unnecessarily difficult to determine whether they fall within the definition of statement against interest, specifically the relevant portion of Rule 804(b)(3) which refers to "[a] statement that a reasonable person in the declarant's position would have made only if the person believed it to be true because, when made, it . . . had so great a tendency . . . to expose the declarant to civil or criminal liability." Fed.R.Evid. 804(b)(3)(A).

In any event, notwithstanding this procedural flaw in the presentation of the statements offered under Rule 804(b)(3), none of the statements given by witnesses Rafael Jiménez-Méndez, Pablo Valentín and Gregorio Díaz-Colón are admissible since all of them were provided under a grant of immunity. Jiménez-Méndez' October 15, 16, 17 and December 5, 2007 interview statements were given pursuant to an October 15, 2007 proffer letter which provided that "[s]o long as you abide by the terms of this agreement, you shall have the protection afforded by direct use immunity; that is, the United States agrees that no statements made or other information provided by you will be used against you directly in any criminal case in the District of Puerto Rico." See Exhibit 3 to United States' opposition (docket entry 1114-3), at p. 1. His April 7, 2008 and July 14, 2008 interview statements came after he had entered into a Plea and Cooperation Agreement filed on March 12, 2008 in Criminal No. 07-302(JAG) (docket entry 1588 in said case). The terms of the cooperation agreement are set forth at ¶ 12, pp. 5-6. The relevant part appears in the first sentence of ¶ 12(f) which reads: "The United States agrees that any self-incriminating information

provided pursuant to this agreement will not be used against the defendant." Although the Plea and Cooperation Agreement which is the basis for Jiménez-Méndez' plea of guilty was no longer in effect upon the government requesting that the conviction be vacated, this did not occur until after Skilling v. United States, ___ U.S. ___, 130 S.Ct. 2896 (2010), was decided on June 24, 2010.  Regarding Pablo Valentín's interview statements, preceded by eight questions made to him during the Fifth Amendment inquiry, his June 8, July 11, July 20 and October 4, 2007 statements were all made under the protection of the direct use immunity given in the May 21 and June 8, 2007 proffer letters which is identically worded as the immunity grant of Mr. Jiménez-Méndez.  The last interview statements offered are those of Mr. Gregorio Díaz dated August 8, and October 4, 2007 which are covered by the August 8, 2007 proffer letter which provided him the protection offered by direct use immunity in the same manner as the other two witnesses.

   The fact that all three declarants gave their statements at a time when they were protected by direct use immunity defeats the "against interest" element.  When they gave their interview statements to law enforcement officers, the speakers were not concerned that the statements they made could be used against them since they were expressly shielded by the direct use immunity provided in their proffer letters, and, in the case of Jiménez-Méndez, also in his cooperation agreement.  The cases cited by the United States in its opposition reflect situations where defendants obtained exclusion of statements by speakers who enjoyed immunity and also where the government requested and obtained exclusion for the same reasons.  In both United States v. Williams, 809 F.2d 1072, 1083 (5th Cir. 1987) and United States v. Clark, 2006 WL 3193769 (E.D. Mich. 2006), the defendants offered statements made by declarants to federal agents under the protection of immunity.  In both cases, the Court found that they were inadmissible under Rule 804(b)(3) since under the immunity granted the statements could not be used against the declarant and, therefore, did not subject or tend to subject them to criminal liability.  In United States v. Keltner, 147 F.3d 662, 672 (8th Cir. 1998), the government was not allowed to introduce grand jury testimony as a statement against penal interest because it had granted immunity to the witness in exchange for his testimony.

For the reasons stated, the interview statements offered under Rule 804(b)(3) as statements against penal interest of the declarants are excluded which led to the denial of defendants' motion for admission of such statements (docket entry 1108) by Order dated May 6, 2011 (docket entry 1119).

SO ORDERED.

At San Juan, Puerto Rico, on May 9, 2011.

                                        S/CARMEN CONSUELO CEREZO
                                        United States District Judge