IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA <br> Plaintiff <br> vs <br> 1) GILBERTO RODRIGUEZ <br> 2) ANGEL MENDEZ <br> 3) SUGEYL RODRIGUEZ <br> 4) BARBARA RAMOS <br> 5) YAMILET FAJARDO <br> 6) MARYLIN PINEDA <br> 7) MILDRED BAEZ <br> 8) PEDRO PEREZ <br> 9) CARMEN SEIN <br> 10) RICHARD PIETRI <br> 11) EUSEBIO MERCEDES <br> **12) GERALDO CASTRO** <br> **13) GILBERTO MODESTO** <br> 14) ONNIS ACOSTA <br> 15) MARILIZ SUAREZ <br> 16) FRANCISCO FONTANEZ <br> 17) SAMUEL ESCOBAR <br> 18) MARTIN PERNAS <br> 19) ANIBAL ROSSELLO <br> 20) SONYA CASTELLANOS <br> 21) MAXIMILIEN ESPINAL <br> 22) MIGUEL DE AZA <br> 23) HARRY REYES <br> 24) LOUIS CRUZ <br> 25) JULIO MARIN <br> 26) GLORIA CASTRO <br> **27) CESAR BERROA** <br> **28) RAYSA PACHECO** <br> **29) JULIO CASTRO** <br> 30) ELBA TORRES <br> **31) GLENDA DAVILA** <br> 32) RAYMOND RODRIGUEZ <br> 33) JOEL CASTILLO <br> 34) YOLANDA RODRIGUEZ <br> Defendants | CRIMINAL 08-0242CCC |

# **O R D E R**

Having considered the Rule 29 motions of defendants (12) Geraldo Castro, (13) Gilberto Modesto, (27) César Berroa, (28) Raysa Pacheco, (29) Julio Castro and (31) Glenda Dávila after the conclusion of all the evidence, the same are DENIED.  The Court will address the arguments in support of dismissal of the 18 U.S.C. §1028(A) aggravated identity theft counts of all defendants except for (29) Julio Castro as to whom these particular charges were voluntarily dismissed by the United States.  In controversy is the "during-and-in-relation-to" element of §1028(A). Since the predicate offense of the §1028(A) charge is mail fraud under 18 U.S.C. §1341, we turn to the relevant allegations of the Indictment on such an offense.  The scope of the scheme to defraud alleged as to each defendant charged with mail fraud appears in the allegations set forth in pages 16- 17.  Each defendant is charged with devising a scheme, using his/her fraudulently obtained medical license, to (1) deprive unsuspecting consumers of health care services of property and money, (2) cause payments to be made to the individual defendant by consumers and providers of health care services, (3) obtain professional liability insurance and (4) to issue prescription for drugs.  The duration of the scheme to defraud varies, of course, as to each defendant and is set forth in the specific count as to each individual defendant.  According to the indictment, the duration of the scheme to defraud as to (12) Geraldo Castro lasted from July 5, 2005 to August 1, 2007; as to (13) Gilberto Modesto from December 15, 2005 to August 1, 2007; as to (27) César Berroa, from July 22, 2004 to August 1, 2007; as to (28) Raysa Pacheco, from March 18, 2005 to August 1, 2007; and as to (31) Glenda Dávila, from July 1, 2003 to August 1, 2007.  Next to the column of the scheme duration, the Indictment sets forth the description of a mailing which was allegedly made during the duration of the scheme to defraud to execute or attempt to execute the same.  Each mailing is described as to (12) Geraldo Castro, (13) Gilberto Modesto, (27) César Berroa and (31) Glenda Dávila as a mailing of a good standing certification sent by the Puerto Rico Board of Medical Examiners in the individual defendants' name to the offices of SIMED in San Juan, P.R., SIMED being a syndicate of insurers.  The dates for each of those mailings appear as August 24, 2006 for (12) Geraldo Castro, May 23, 2006 for (13) Gilberto Modesto, August 23, 2005 for (27) César Berroa and May 14, 2007 for (31) Glenda Dávila.  The mailing as

to (28) Raysa Pacheco is described as a December 1, 2006 mailing to SIMED of documents necessary for the renewal of her professional responsibility policy to her agents. Each mailing is charged as part of the execution of the scheme to defraud previously mentioned which was allegedly devised by each defendant in his/her individual count.

The term "during," as used in §1028(A), refers to knowingly transferring, possessing or using, without lawful authority, a means of identification during a felony violation. The predicate felony here is the mail fraud offense in violation of 18 U.S.C. §1341 which occurred, according to the indictment, within the time periods indicated above as to each defendant: (12) Geraldo Castro from July 5, 2005 to August 1, 2007; (13) Gilberto Modesto from December 15, 2005 to August 1, 2007; (27) César Berroa, from July 22, 2004 to August 1, 2007; (28) Raysa Pacheco, from March 18, 2005 to August 1, 2007; and (31) Glenda Dávila, from July 1, 2003 to August 1, 2007. A particular mailing that is incident to the scheme to defraud does not define the duration of the scheme. The mailing as to each particular defendant occurred at some point within the span of the scheme to defraud charged in the particular mail fraud offense. The evidence of the government supports its contention that the scheme described in the mail fraud charges was not a one-shot event but, rather, involved actions which were ongoing throughout periods ranging from two to four years. These periods are charged under §1341 as the "duration" of the scheme devised by each individual defendant.

Regarding the phrase "in relation to" of 18 U.S.C. §1028(A), the Court in United States v. Mobley, 618 F.3d 529 (6th Cir. 2010), found that "a broad reading of 'during and in relation to' is reasonable and appropriate," id., at p. 549, referring to that phrase in the context of §1028(A). Focusing on the "in-relation-to" part of the statute, the Court stated that "the identity theft must have some purpose or effect with respect to the predicate crime," and that " the 'in-relation-to' element is met if the identity theft 'facilitates or has the potential of facilitating' the predicate felony." Id. The acts that are described in the individual aggravated identity theft counts as to each particular defendant regarding the use of means of identification can reasonably be said to have either facilitated or had the potential of

facilitating the mail fraud as to that part of the scheme to defraud alleged in the mail fraud offenses that relates to using a falsely obtained license to issue prescriptions.

SO ORDERED.

At San Juan, Puerto Rico, on May 12, 2011.

                                        S/CARMEN CONSUELO CEREZO
                                        United States District Judge